## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| DENNIS GREEN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 15-cv-397 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| TRS RECOVERY SERVICES, INC., | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Dennis Green is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him an alleged debt allegedly incurred for personal, family or household purposes.

5. Defendant TRS Recovery Services, Inc. ("TRS") is a foreign corporation with its principal place of business located at 14141 Southwest Freeway, Sugarland, Texas 77378.

6. TRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. TRS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. TRS is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or around August 1, 2014, TRS mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was for an alleged bounced check, allegedly owed to "TCF National Bank - Wisconsin" and used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

11. Exhibit A contains the following text:

> **Settle now, save 25% -** TRS is willing to offer you an opportunity to settle your account in full upon your payment of $409.49. If TRS receives payment of the discounted amount in thirty (30) days from your receipt of this letter, TRS will consider this matter to be settled and will remove any negative information regarding the above referenced debt contained in its nationwide computer files. We are not obligated to renew this offer.

Exhibit A.

12. The statement on Exhibit A that upon payment of $409.49: "TRS will consider this matter to be settled and will remove any negative information regarding the above referenced debt contained in its nationwide computer files," is misleading and confusing to the unsophisticated consumer.

13. Exhibit A misleads consumers as to the results of settlement of their alleged debts. The unsophisticated consumer would interpret the language on Exhibit A as meaning that TRS would remove all negative information would be removed from the consumer's credit history

2

with credit reporting agencies. In fact, negative information would remain on the consumer's "credit report" for seven years.

14. Upon information and belief, to the extent that TCF Bank or TRS report information to consumer reporting agencies, payment of the partial amount identified in Exhibit A would result in reporting of the account as "Settled in full."

15. A "settled in full" report is a negative item on a credit report, and adversely affects the consumer's credit scores.

16. Moreover, upon information and belief, TRS is collecting the debt on behalf of the actual creditor, TCF Bank.

17. Exhibit A states that TRS "will consider the matter to be settled" upon receipt of a settlement payment.

18. Exhibit A is misleading and confusing, in that it does not state whether the actual holder of the alleged obligation, TCF Bank, would consider the matter to be settled.

19. There is no indication from Exhibit A that TRS has authority to resolve the entire alleged obligation through settlement. The unsophisticated consumer is left to TCF's whim as to whether TCF would attempt to collect the remaining balance.

20. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

21. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

22. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

23. TRS violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

3

## COUNT I – FDCPA

24. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

25. Exhibit A includes confusing statements as to the results of settlement of consumers' alleged debts.

26. The unsophisticated consumer would interpret the language on Exhibit A as meaning that TRS would remove all negative information would be removed from the consumer's credit history with credit reporting agencies. In fact, negative information would remain on the consumer's "credit report" for seven years.

27. Exhibit A is also confusing as to whether the actual holder of the alleged obligation, TCF Bank, would consider the matter to be settled if payment is made to TRS.

28. TRS violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 2, 2014, (e) that was not returned by the postal service.

30. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

31. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

4

32. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

34. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

35. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 2, 2015

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com